RIVERA, APPELLANT, *v.* LÓPEZ, MUNICIPAL JUDGE, RESPONDENT.

APPEAL from the District Court of Guayama in *Certiorari* Proceedings.

No. 967.—Decided June 2, 1913.

LIS PENDENS ATTACHMENT—ANNULMENT OF BARTER.—In an action for the annulment of a contract of barter of animals and the return to the plaintiff of the animal given by him in exchange or its value, the court did not err in ordering the attachment and custody of the animal in the possession of the defendant in order to secure the effectiveness of the judgment, after the filing of a bond by the plaintiff.

The facts are stated in the opinion.

*Mr. F. Cervoni Gely* for appellant.

The respondent did not appear.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an appeal taken by Catalino Rivera from a decision of the District Court of Guayama of December 4, 1912, dismissing a petition for a writ of *certiorari* presented by Rivera to said court to obtain the review of proceedings in the Municipal Court of Patillas to secure the effectiveness of a judgment.

On September 7, 1912, Domingo Delfi brought a redhibitory action against Catalino Rivera in the Municipal Court of Patillas to obtain a judgment annulling a barter made between them on September 3, 1912, in which the plaintiff exchanged a light gray mare for a light gray horse and mare belonging to the defendant, and ordering that the defendant return to the plaintiff his said mare, or in lieu thereof pay him the sum of $80, with legal interest, and the costs of the suit.

Delfi alleged as the ground of his action that, although the defendant stated at the time they made the trade that his animals had no contagious disease, but only a mild catarrh, it turned out that they were afflicted with glanders, and they

were quarantined by the sanitary authorities, who refused to return them on the ground that the disease was chronic and incurable and that the animals would have to be killed.

The plaintiff moved the court for an order that the said light gray mare be attached and placed in his custody to secure the effectiveness of the judgment, which the court granted on the plaintiff's responsibility and after he had given a proper bond.

The defendant filed a motion to the effect that said order, which had already been executed, be set aside and the attachment dissolved, which motion was overruled.

These proceedings gave rise to this petition for a writ of *certiorari,* which was made originally to the District Court of Guayama and there dismissed as already stated. From that decision the present appeal was taken to this court and is now submitted to our consideration for decision.

. The appellant bases his appeal exclusively on the ground of the infraction of section 1 of the act to secure the effectiveness of judgments, because in the action in which the attachment of the mare originated, not the fulfilment of an obligation, but the annulment of a contract of barter, was sought, and therefore the provisions of the said act are not applicable to the case.

Section 1 of the Act of March 1, 1902, to secure the effectiveness of judgments, as amended by the subsequent Act of March 12, 1903, provides that every person who shall bring an action for the fulfilment of any obligation may obtain an order from the court having cognizance of the suit providing that the proper measure be taken to secure the effectiveness of the judgment as the case may require it, should it be rendered in his favor.

Section 2 of the same act prescribes the rules governing the securing of the effectiveness of the judgment according to the case: (*a*) When the obligation on which suit is brought is the delivery of a certain object or thing possessed by defendant or by a third person in his name; (*b*) when the

obligation is the payment of any sum of money; (c) when the obligation consists in the doing of a thing; (d) when the purpose of the action is to prevent the accomplishment of an act; (g) when in the foregoing cases damages are claimed; (h) in cases not provided for in the preceding rules.

In a case where the obligation on which suit is brought is the delivery of a certain object or thing, the defendant or third person, as the case may be, shall be prohibited from alienating or encumbering the object or thing until judgment has been rendered. (Rule a.) And in cases not provided for in rules a, b, c, d and g, the court shall, in its discretion and in accordance with equity, adopt such measures as it may deem proper to secure the effectiveness of the judgment. (Rule h.)

Taking as a guide the statutory provisions cited, we conclude that the Judge of the Municipal Court of Patillas did not infringe the act to secure the effectiveness of judgments in ordering the attachment and custody of the light gray mare in question and overruling the motion of the defendant to set aside said order, consequently the judgment of the District Court of Guayama appealed from is according to law.

It is true that the main prayer of the complaint is for the annulment of the contract of barter, and if this alone were sought, it may be that the case would come under none of the rules a, b, c, d and g of section 2 of the act to secure the effectiveness of judgments, but the fact is that in addition to this the plaintiff prays for the return to him of the light gray mare which he exchanged for the two animals of the defendant or for the value of said mare in lieu thereof. This being the case, the plaintiff demands the fulfilment of an obligation which, if not for the delivery of a certain object possessed by defendant under rule (a), is one of those comprised under rule (h), which authorizes the court to adopt such measures as it may deem proper to secure the effectiveness of the judgment in its discretion and in accordance with equity.

The case of *Veve* v. *The Esperanza Central Sugar Co.*, 13

P. R. R., 250, is not analogous to the present case as it treats of entirely different facts.

As the only infraction of the law alleged by the appellant does not exist, the decision appealed from is affirmed.

*Affirmed.*

Justices Wolf, del Toro and Aldrey concurred.

Mr. Justice MacLeary did not take part in the decision of this case.